**F. H. Simpson et al., Appellants, v. Sarah Shadwell et al., Appellees.**

Opinion filed February 1, 1932.

CREIGHTON & THOMAS, for appellants.

SMITH & SMITH and McGAUGHEY & McGAUGHEY, for certain appellees.

H. D. McCOLLUM, for certain other appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

In 1907, several persons entered into a written contract by which they formed a partnership under the name of the Bank of Flora for the purpose of conducting a banking business in the City of Flora. The contract provided for the issuance of stock certificates to the members, the selection of a board of directors, the election of a president and vice president and for the employment of a cashier, assistant cashiers, clerks, etc. A law was enacted which prohibited private banks after a certain time. On July 7, 1919, the stockholders voted to cease doing a banking business and to sell the business and good-will to a bank then being organized as the Flora National Bank. On October 27, 1919, the directors sold and transferred the good-will and most all of the available assets to the Flora National Bank which paid for the same by assuming certain indebtedness of the partnership. The Bank of Flora then ceased to do business and its former

cashier was appointed to liquidate the remaining assets. He proceeded with the liquidation until July or August, 1921, at which time F. H. Simpson, one of the appellants, demanded and took over the remaining assets and proceeded with the liquidation. In 1928, appellants filed a bill to settle the partnership and for an accounting. A decree for an accounting was entered and at a subsequent term the cause was heard in open court and the bill was dismissed for want of equity.

The answers denied most of the averments of the bill and relied upon the statute of limitations and laches. When the stockholders voted to quit business and to sell out to the Flora National Bank and the sale was completed on October 27, 1919, the Bank of Flora then ceased to do business and its former cashier was appointed to liquidate the remaining assets and liabilities. Under those circumstances there was a dissolution of the partnership by mutual consent of the partners.

When partners by resolution determine to cease doing business and wind up the same, and appoint one of their number to take charge of the property and accounts, and to dispose of the property and collect their accounts, this will amount to a dissolution of the partnership. *Bank of Montreal v. Page,* 98 Ill. 109. The bill in this case was filed about nine years after the dissolution. That being true, the statute of limitations is a bar to the action. *Quayle v. Guild,* 91 Ill. 378; *Bonney v. Stoughton,* 122 Ill. 536.

The bill avers that at the time the Bank of Flora ceased to do business, its affairs and business were so involved, and the accounts thereof so intricate and complicated, that it was impossible at that time to determine the respective rights, obligations and liabilities of said bank to its creditors and the persons indebted to it, and the rights of the said stockholders therein as between themselves. Appellants did not

undertake to show by their bill, or their evidence, the financial condition of the bank at the time it quit business or at any time thereafter. So far as the record shows it is just as impossible at this time to state an account as it was at the time the bank quit business and at the time the bill was filed. If the evidence in a proceeding for partnership accounting, in which a cross-bill has been filed, leaves the account in such doubt and uncertainty that a court is unable to say whether anything is due from either partner and how much, the only course open is to dismiss the bill for want of equity. *Donaldson v. Donaldson,* 237 Ill. 318; *Fineman v. Goldberg,* 329 Ill. 507.

The bank books were not offered in evidence. No auditor examined them and no statement was furnished showing the financial condition of the bank. The evidence offered by appellants simply showed that there were certain unpaid debts, most of which had been incurred by the liquidators subsequent to October 27, 1919. Two or three debts were shown to have existed prior to that time but the liquidators had given notes therefor which were renewed from time to time. While the dissolution did not revoke the authority to liquidate, settle and pay debts already created, it operated as a revocation of all authority for making new contracts, and since the giving of a promissory note is the making of a new contract, although it may be for a prior debt, a partner after dissolution cannot thus bind the firm. *Bank of Montreal v. Page,* 98 Ill. 109. The decree for an accounting was interlocutory and on final hearing the court had the power and authority to dismiss the bill for want of equity. *Quayle v. Guild,* 91 Ill. 378.

In the state of the record we cannot say that the court erred in dismissing the bill. The decree is affirmed.

*Affirmed.*