DENNIS HARRIS, Plaintiff-Appellant, v. CHICAGO HOUSING AUTHOR-
ITY, Defendant-Appellee.

First District (3rd Division)   No. 1—90—2146

Opinion filed September 9, 1992.—Rehearing denied October 26, 1992.

Steven B. Salk, of Steven B. Salk & Associates, of Chicago, for appellant.

Johnson & Bell, Ltd., of Chicago (H. Patrick Morris and Robert M. Burke, of counsel), for appellee.

JUSTICE TULLY delivered the opinion of the court:

This case addresses the scope and application of the "fireman's rule" in Illinois. Plaintiff, Dennis Harris, filed a one-count complaint against defendant, the Chicago Housing Authority, for personal injuries sustained while responding to a fire at a building owned and operated by the defendant. The circuit court dismissed the complaint, finding that the cause of action was barred by the "fireman's rule." Plaintiff appeals the dismissal on the premise that the fireman's rule does not encompass the specific circumstances which caused his injuries.

Plaintiff, Dennis Harris, is a Chicago firefighter. On January 31, 1989, Harris suffered severe and permanent injuries while responding to a fire at the Robert Taylor Homes, a high-rise housing project, owned and operated by defendant. The fire occurred on the fourth-

floor level of the building. When plaintiff and other firemen attempted to connect fire hoses to standpipes on the fourth floor, no water pressure was to be found. Similar attempts on other floors also proved to be futile. None of the standpipes functioned properly, so as to produce any water.

Plaintiff alleged in his original complaint that defendant failed to maintain its property in a reasonably safe condition by failing to provide functional standpipes and failing to inspect such standpipes. Defendant then filed a motion to dismiss, alleging that plaintiff had failed to plead sufficient facts demonstrating how the lack of functional standpipes directly caused plaintiff's injuries. In response, plaintiff filed a first amended complaint which explained how, as a result of the dysfunctional standpipes, a continuous buildup of heat and gasses produced an explosion, which injured plaintiff where he was working on the fourth floor. The amended complaint also alleged wilful conduct by defendant in failing to provide working standpipes and in violating city ordinances requiring appropriate fire safety equipment.

■ In its motion to dismiss, defendant also argued that the "fireman's rule" barred any cause of action by the plaintiff fireman. Following a hearing on the motion, the trial judge, the Honorable Dean J. Sodaro, relying upon the case of *Washington v. Atlantic Richfield Co.* (1977), 66 Ill. 2d 103, 361 N.E.2d 282, granted defendant's motion and dismissed the amended complaint. The trial court reasoned that under the "fireman's rule" a fireman can only recover where his injuries are caused by an act of negligence which is *independent* of the negligence which caused the fire itself. Judge Sodaro stated that the "explosion" was a "natural consequence of the fire itself" and not the result of an independent act of negligence. Judge Sodaro hypothesized that plaintiff would have had a cause of action, if, for example, a wall or stairwell had collapsed on plaintiff during the fire or if the standpipes had fallen on plaintiff because they had been negligently maintained by the property owner.

Plaintiff appeals this decision, arguing that the failure of defendant to maintain operable standpipes was an act of negligence, independent of whatever negligence caused the fire. Further, plaintiff argues that this independent act of negligence produced an explosion and since it was this explosion which injured plaintiff, as opposed to the fire itself, defendant may be held liable.

In considering the trial court's dismissal of a complaint, the standard of review is *de novo*. We must determine whether the complaint, when viewed in a light most favorable to the plaintiff, alleges facts sufficient to establish a cause of action for which relief may be

granted and all well-pleaded facts must be accepted as true. *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113.

The seminal Illinois Supreme Court case on this issue is *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881. In *Dini*, a fireman was injured in a hotel fire, wherein there were multiple municipal code violations, including the absence of fire extinguishers and fire doors. In addition, a stairway, which collapsed on the plaintiff, was found to be negligently constructed. Benzene was later found stored in close proximity to the stairwell, which may have also caused the stairwell to collapse on the plaintiff. The trial court entered a judgment for the defendant hotel, notwithstanding the jury's verdict awarding damages to the fireman. The Illinois Supreme Court reversed, finding that there was sufficient evidence to show that defendant had violated fire equipment ordinances and that these violations proximately caused the injuries of the plaintiff fireman. The court quoted from another case:

> " '[W]e have in this case a direct violation of ordinances which were enacted for the benefit of fireman as well as guests in the hotels; at least firemen entering into the premises had a right to assume that the law in this particular had been complied with.' " *Dini*, 20 Ill. 2d at 420, 170 N.E.2d at 887, quoting *Maloney v. Hearst Hotels Corp.* (1937), 274 N.Y. 106, 107, 8 N.E.2d 296, 297.

The Illinois Supreme Court reexamined and more precisely defined the "fireman's rule" 17 years later in *Washington v. Atlantic Richfield Co.* (1977), 66 Ill. 2d 103, 361 N.E.2d 282, wherein the court stated:

> "We therefore hold that while a landowner owes a duty of reasonable care to maintain his property so as to prevent injury occurring to a fireman from a cause independent of the fire he is not liable for negligence in causing the fire itself." *Washington*, 66 Ill. 2d at 108, 361 N.E.2d at 285.

Both Justices Clark and Dooley dissented from the majority opinion, wherein the supreme court held that firemen could not hold a gas station owner liable for his *negligent acts which caused the fire*. The complaint alleged that defendant maintained a defective gas pump, which overflowed beneath a customer's car. The customer then discarded a match which caused the fire. The fire spread to the car, causing more gas to spill out of the car's tank. The station attendant put the tank cap back on and when plaintiff arrived to fight the fire, he removed the cap to relieve pressure in the tank in order to avoid an explosion. Flaming gasoline blew out of the tank, injuring plaintiff.

The court found that although the negligent acts of the defendant—a faulty pump and allowing a customer to smoke—were also violations of ordinances, these were acts of negligence which related to the cause of the fire. They were not independent acts of negligence sufficient to impose liability on the station owner.

The original doctrine of the *Dini* case was further eroded in later cases such as *Coglianese v. Mark Twain Limited Partnership* (1988), 171 Ill. App. 3d 1, 525 N.E.2d 1031, where the plaintiff fireman died in a hotel fire. The complaint alleged violations of fire ordinances, in that the walls were not fire resistant and were combustible. During the fire, the walls burned rapidly, producing great volumes of black smoke and soot. The court upheld the dismissal of plaintiff's complaint stating that the smoke and noxious gasses only contributed to the severity of the fire, that this was not an undue risk beyond that associated with fighting a fire and that a fireman would reasonably anticipate it in performing his duties. The plaintiff's complaint also failed to show how the condition of the hotel walls caused the plaintiff's death, in a way which was independent of the fire itself. In addition, the court found that the significant link between the acts of negligence and the injury was missing.

The key issue in the case before us is whether the explosion which injured the plaintiff fireman was an inherent risk assumed by the plaintiff upon entering defendant's premises or whether it can be attributed to an independent act of negligence by defendant, such as failing to inspect and maintain operable standpipes in accordance with fire safety regulations. The literal definition of an explosion is as follows:

> "[A] violent expansion or bursting that is accompanied by noise and is caused by a sudden release of energy from a very rapid chemical reaction *** or from an escape of gases or vapors under pressure (as in [the disruption of] a steam boiler) ***." Webster's Third New International Dictionary 802 (1976).

Explosions are not normally equated with a fire although they do occur. The additional element in this case is the lack of water, which is another force or agency which a fireman would reasonably expect to be available. No fireman would be expected to fight a fire without water. This is a plain and simple axiom. Because of the lack of water, certain gasses or fumes were put into the process of compression and resultant expansion which engendered an explosion. This brings this case within the purview of *Dini* and perhaps expands the concept by introducing a force set into motion by defendant's negligence in failing to maintain operable standpipes. The *Dini* case deals with a di-

rect, independent act of negligence: maintaining an inadequate stairwell which collapsed during the fire. This case involves an explosion which is not so intricately connected with a conflagration so as to make an explosion part and parcel to each and every fire. This court construes an explosion to be an extra intervening force set into motion by defendant's negligence, perhaps somewhat analogous to the stairwell in *Dini*.

Rhetorically, who is to say why the stairwell in *Dini* collapsed, whether it was from the heat of the fire, the burning of the stairway supports or simply rot and decay? It is also significant that in *Dini*, as in the instant case, the defendant landowners were in violation of several municipal fire safety ordinances such as failing to provide fire doors and fire extinguishers and allowing the accumulation of trash and litter in the building's corridors.

■ In this case, the defendant, the Chicago Housing Authority, is a municipal corporation, which allegedly acted in violation of a municipal ordinance by failing to maintain an operable water standpipe system. We hold that, if proven, this is an act of negligence, independent of any negligence which caused the fire. Thus, plaintiff's complaint sufficiently states a cause of action against defendant, although plaintiff must still prove the remaining elements of causation and damages. Too strict a construction of the "fireman's rule" in this case would invite municipal corporations to flagrantly violate public safety ordinances. Although defendant has correctly stated on appeal that it is exempt from liability under the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 1—101 *et seq.*), plaintiff's amended complaint sufficiently alleges wilful and wanton conduct, which would not be immune from liability.

This case is remanded to the circuit court of Cook County for further proceedings consistent with this opinion.

Reversed and remanded.

GREIMAN, P.J., and CERDA, J., concur.