THEMIS ANASTOS, Plaintiff-Appellant, v. CHICAGO REGIONAL TRUCKING ASSOCIATION, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—92—0635

Opinion filed June 30, 1993.—Rehearing denied September 13, 1993.—Modified opinion filed September 29, 1993.

Lindner, Speers & Reuland, of Chicago (Jonathan K. Gray, of counsel), for appellant.

Laser, Schostok, Kolman & Frank, of Chicago (Bruce M. Friedman and Michael L. Tinaglia, of counsel), for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

On February 11, 1986, plaintiff, Themis Anastos, filed suit against defendant, Chicago Regional Trucking Association, Inc., alleging, among other things, that defendant breached an employment contract with him by terminating him without cause. The trial court entered an order granting defendant's motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615 (now codified as 735 ILCS 5/2—615 (West 1992))). Defendant now appeals to this court from that order pursuant to Supreme Court Rule 301. 134 Ill. 2d R. 301.

On appeal, plaintiff contends that the trial court erred in granting defendant's motion to dismiss.

### FACTUAL BACKGROUND

Plaintiff, a licensed attorney, was general counsel for a trucking association named Cartage Exchange of Chicago, Inc. (Cartage). In 1981, Cartage merged with a competing association named Illinois Motor Truck Association (IMTA). Defendant is the entity which emerged from the amalgamation of Cartage and IMTA.

In 1985, defendant entered into a written employment agreement with plaintiff. The term of the contract was for 10 years at a minimum rate of $27,000 per annum. On December 3, 1985, a majority of defendant's board of directors voted to pass a resolution discharging plaintiff as general counsel. Defendant claims that the action was for cause. Plaintiff submits that the dismissal was without cause.

### OPINION

"In considering the trial court's dismissal of a complaint, the standard of review is *de novo*. We must determine whether the complaint, when viewed in a light most favorable to the plaintiff, alleges facts sufficient to establish a cause of action for which relief may be granted and all well-pleaded facts must be accepted as true." *Harris v. Chicago Housing Authority* (1992), 235 Ill. App. 3d 276, 277-78, 601 N.E.2d 1011.

■ Speaking to the issue of a client's right to discharge an attorney, our supreme court has stated:

"Generally, a client may discharge his attorney at any time, with or without cause. [Citation.] This rule applies equally to in-house counsel as it does to outside counsel. Further, this rule 'recognizes that the relationship between an attorney and client

is based on trust and that the client must have confidence in his attorney in order to ensure that the relationship will function properly.' " (*Balla v. Gambro, Inc.* (1991), 145 Ill. 2d 492, 503, 584 N.E.2d 104, quoting *Rhodes v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 228, 399 N.E.2d 969.) This rule is grounded in a recognition of the fact that an attorney is in the unique situation of maintaining a close relationship with the client in which he receives secrets, disclosures and other information that would not normally be divulged even to the most intimate of friends. *Herbster v. North American Co. for Life & Health Insurance* (1986), 150 Ill. App. 3d 21, 27, 501 N.E.2d 343.

■ The issue of what damages can be recovered by a discharged attorney from a former client was addressed by the appellate court in *La Rocco v. Bakwin* (1982), 108 Ill. App. 3d 723, 439 N.E.2d 537. In *La Rocco*, the plaintiff and the defendant entered into an oral, lifetime employment contract whereby the plaintiff agreed to devote substantially all of his time providing legal services to a legal clinic owned by the defendant. The defendant terminated the contract and the plaintiff sued for breach of contract and other relief. The *La Rocco* court affirmed the lower court's disallowal of a breach of contract action by the discharged attorney and held:

> "[T]he client's right to discharge his attorney at will is not a breach of contract but a term of the contract implied by law because of the special relationship between attorney and client. [Citation.] Thus, the contract is not breached and the damages for termination of an attorney-client relationship under these facts are not governed by normal contract law principles. *** [W]e believe the proper balance between the client's right to discharge his attorney and the attorney's right to compensation under the facts presented, is that the discharged attorney's fees be paid on a *quantum meruit* basis for services rendered before discharge." *La Rocco*, 108 Ill. App. 3d at 728.

■ Thus, we believe that an attorney is subject to discharge at any time, with or without cause, and is without remedy against the client or employer for *post-termination* breach of contract damages. We believe this result is grounded in both common sense and sound public policy, for to hold otherwise would have a chilling effect upon the ability of a client to exercise the right to discharge, as the cost of exercising that right could be litigation with the former attorney. However, we wish to emphasize that nothing in our holding today disturbs an attorney's right to recover *pretermination* damages.

Accordingly, we find no error in the trial court's granting defendant's motion to dismiss. In addition, we briefly note that plaintiff argued, in the context of arguing the propriety of the trial court's granting of the motion, that the trial judge lacked the authority to do so as another judge previously assigned to the case had denied such motion. We completely reject this assertion and believe it warrants no further consideration. See *Balciunas v. Duff* (1983), 94 Ill. 2d 176, 446 N.E.2d 242.

For the above-stated reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

CERDA and GREIMAN, JJ., concur.