JUSTINE WEISBLATT, Plaintiff-Appellant, v. SCOTT C. COLKY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—93—3165

Opinion filed June 30, 1994.

Donald L. Johnson and J. Douglas Weingarten, both of Chicago, for appellant.

Scott J. Brown, of Alholm & Monahan, of Chicago, for appellees.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Justine Weisblatt brought an action for legal malpractice against defendants Scott C. Colky, Russell Hirsch (now deceased), James Daubach and Martin Silverman. These attorneys, with the exception of Silverman, represented her in dissolution of marriage proceedings with her former husband, Seymour Goldstein. Silverman represented Weisblatt in a dispute with Colky concerning attorney fees.

In Weisblatt's initial complaint filed on December 18, 1992, she alleged that in January 1990, she entered into an oral agreement with defendant Colky, whereby Colky and the law firm of Hirsch, Colky and Daubach agreed to represent her in a matrimonial proceeding then pending in the domestic relations division of the circuit court of Cook County. Weisblatt further alleged that Colky and the law firm of Hirsch, Colky and Daubach were negligent,

breached the oral agreement and breached the fiduciary duties owed her by failing to use reasonable care and skill in their representation of her in the matrimonial proceeding.

On March 9, 1993, Colky filed a motion to dismiss Weisblatt's complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure. (735 ILCS 5/2—619 (West 1992).) The motion argued that on January 30, 1992, Weisblatt and Colky entered into a stipulation and mutual release agreement whereby, in consideration of mutual obligations, each party released and forever discharged the other from all claims, demands or causes of action arising out of case No. 88 D 1412, Scott C. Colky and the law firm of Hirsch, Colky and Daubach's representation of Weisblatt in said proceeding and subsequent motions.

Colky's motion to dismiss was heard on May 10, 1993, and an order was entered denying the motion and granting Weisblatt 28 days to file an amended complaint at law which made more definite the allegations of fraud. According to the trial court, the motion to dismiss was well taken, but since there were allegations of possible fraud or conspiracy between Colky and Silverman, the court allowed the plaintiff leave to file an amended complaint to further develop those allegations of any possible fraud or conspiracy.

On June 7, 1993, Weisblatt filed a first amended complaint for legal malpractice. That complaint also alleged breach of fiduciary duty and constructive fraud, and sought damages and a holding that the release the plaintiff gave these attorneys was unenforceable.

On July 6, 1993, defendants Colky and the estate of Russell Hirsch, deceased, filed a two-part motion to (1) strike counts III and VI of the first amended complaint, alleging breach of fiduciary duty and constructive fraud, respectively, pursuant to section 2—615 of the Illinois Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)) and (2) dismiss with prejudice the entire first amended complaint pursuant to section 2—619(a)(9) of the Illinois Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 1992)) and the mutual release agreement executed by the parties. The first part of the motion argued that the first amended complaint failed to allege sufficient facts to support causes of action for breach of fiduciary duty and constructive fraud. The second part of the motion again argued that Weisblatt had failed to sufficiently allege a material issue of fact which would serve to invalidate the release agreement.

Defendants' motion to dismiss was heard on August 31, 1993. At that time an order was entered granting the motion, striking counts III and VI of the first amended complaint as to defendants Colky and the estate of Russell Hirsch pursuant to section 2—615, and

dismissing, with prejudice, counts I, II, III and VI of the first amended complaint as to defendants Colky, the estate of Russell Hirsch, James Daubach and the law partnership of Hirsch, Colky and Daubach pursuant to section 2—619(a)(9). This timely appeal followed. At issue is the propriety of the granting of defendants' motion to dismiss.

A cause of action will not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved which will entitle plaintiffs to recover. (*Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535, 582 N.E.2d 108.) In making this determination, we must take all well-pleaded facts as true, and all reasonable inferences therefrom should be construed in plaintiffs' favor. (*Gouge*, 144 Ill. 2d at 542, 582 N.E.2d at 111.) We must view the complaint in the light most favorable to plaintiff and determine if the complaint alleges any set of facts upon which relief may be granted. (*Bercaw v. Domino's Pizza, Inc.* (1994), 258 Ill. App. 3d 211, 630 N.E.2d 166.) Our function is to examine the complaint *de novo*, in light of all the pertinent factual and legal circumstances. *Bercaw*, 258 Ill. App. 3d at 213, 630 N.E.2d at 168.

Count III of plaintiff's first amended complaint attempted to state a cause of action for breach of fiduciary duty against Colky. Without a fiduciary relationship, there are no fiduciary duties and no basis for a cause of action alleging breach of fiduciary duties. (*Overbey v. Illinois Farmers Insurance Co.* (1988), 170 Ill. App. 3d 594, 605, 525 N.E.2d 1076, 1084.) On January 30, 1992, plaintiff executed a written "stipulation and mutual release" which released Colky and his partners of any liability arising out of the representation of the plaintiff in her divorce proceeding. The first amended complaint itself sets forth the existence and the terms of this release.

●1 Plaintiff's theory of the case necessarily depends on the existence of a fiduciary relationship between Colky and plaintiff. Plaintiff contends that such a relationship existed because Colky had not been granted leave to withdraw as plaintiff's attorney. Obtaining leave to withdraw is not the only way to terminate an attorney-client relationship. An attorney can be discharged by the client at any time, with or without cause. (*Anastos v. Chicago Regional Trucking Association, Inc.* (1993), 250 Ill. App. 3d 300, 618 N.E.2d 1049.) This court has looked to the circumstances to determine whether the termination of the attorney-client relationship has occurred. (*In re Estate of Maslowski* (1990), 204 Ill. App. 3d 379, 561 N.E.2d 1183.) The circumstances here worked a termination of the attorney-client relationship between plaintiff and Colky. In the instant case the fact that Colky and plaintiff were engaged in litigation, considered along with plaintiff's acquisition of independent counsel to represent her in

the transaction with Colky embodied by the release, persuades us that she and Colky were no longer fiduciaries for purposes of that transaction. Therefore, we must conclude, as the trial court did, that the plaintiff failed to allege sufficient facts to state a cause of action against Colky for breach of fiduciary duty.

Once the existence of a release has been established, the party opposing its use has the burden of attacking its validity. (*McCormick v. McCormick* (1983), 118 Ill. App. 3d 455, 455 N.E.2d 103.) Moreover the presumption of fraud which accompanies transactions between fiduciaries does not apply where the fiduciary relationship no longer exists. *McCormick*, 118 Ill. App. 3d at 466, 455 N.E.2d at 112.

●2 Plaintiff's first amended complaint challenges the adequacy of consideration supporting the release. The consideration (Colky's agreement to dismiss his petition for attorney's fees and accept $12,500 in full satisfaction and settlement of his claim for $25,499), especially when viewed in light of the fact that plaintiff was represented by independent counsel, is not so disproportionate that it suggests the transaction was not one entered into at arm's length.

Plaintiff contends that Colky had no authority to bind the partnership to the promises made in the release. She relies on *Simpson v. Shadwell* (1932), 264 Ill. App. 480, for the proposition that the dissolution of the partnership revoked all authority for making new contracts. However, as the court in *Simpson* observed, "the dissolution did not revoke the authority to liquidate, settle and pay debts already created." (264 Ill. App. 3d at 483.) Dissolution does not terminate the partnership and does not end completely the authority of the partners. Rather, partners maintain authority during the winding up process. *Estate of McKay v. Moses* (1976), 35 Ill. App. 3d 458, 343 N.E.2d 45.

●3 Count VI of plaintiff's first amended complaint attempted to state a cause of action for constructive fraud. That attempt depends entirely on the breach of fiduciary duty that plaintiff would have this court find that he stated in count III. Having found that count III was properly dismissed, we must reach the same conclusion as to count VI.

We now consider whether the trial court properly dismissed with prejudice counts I and II of the first amended complaint as to defendants Colky, the estate of Russell Hirsch, Daubach and the law partnership of Hirsch, Colky and Daubach pursuant to section 2—619(a)(9). 735 ILCS 5/2—619(a)(9) (West 1992).

●4 Section 2—619(a)(9) provides that a defendant may file a motion for dismissal alleging "[t]hat the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of

or defeating the claim." (735 ILCS 5/2—619(a)(9) (West 1992).) In the case at bar the release constitutes affirmative matter defeating the claim. The defenses which may be asserted to vitiate a release include fraud in the execution, fraud in the inducement, mutual mistake and mental incompetence. (*McCormick*, 118 Ill. App. 3d at 466, 455 N.E.2d at 112.) Despite having been given the opportunity to amend her complaint in order to develop more specific allegations plaintiff has not alleged facts sufficient to establish collusion between Colky and Silverman that invalidates the release pursuant to any of these defenses.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

MURRAY, P.J., and GORDON, J., concur.