SUTTON PLACE DEVELOPMENT CO. *et al.*, Plaintiffs, v. BANK OF COMMERCE AND INDUSTRY *et al.*, Defendants (Abacus Mortgage Investment Co., Cross-Claimant and Counterdefendant-Appellant; Bank of Commerce and Industry, Cross-Defendant and Counterplaintiff-Appellee).

First District (4th Division)   No. 84—2976

Opinion filed June 19, 1986.—Rehearing denied December 19, 1986.

D'Ancona & Pflaum, of Chicago (Roger L. Price and Gary E. Mitchell, of counsel), for appellant.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Alvin R. Becker and Steven P. Garmisa, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Counterplaintiff, Bank of Commerce and Industry (BCI), brought an action in the circuit court of Cook County, seeking specific performance of a contract that allegedly obligated counterdefendant, Abacus Mortgage Investment Company (Abacus), to purchase all of BCI's interest in a Florida condominium development, known as Sutton Place. The trial court granted BCI's request for specific performance. Abacus appeals.

We affirm in part and reverse in part.

Abacus makes the following arguments: (1) the contract the court relied upon to grant BCI's request for specific performance was an option contract and not a bilateral contract; (2) BCI has an adequate remedy at law; (3) the trial court erred in dismissing its cross-claim against BCI; and (4) the trial court denied it a fair trial.

Abacus and BCI were involved in the financing of a real estate project development in Florida, known as Sutton Place. Several other parties not before this court were also involved in the developing and financing of various parts of the project. The Sutton Place development went into default. Abacus, BCI, and Florida National Properties all filed separate foreclosure actions in Florida against the develop-

ment. In May 1983, Abacus entered into negotiations with BCI to buy all of BCI's interest in the property and, after several meetings, the following agreement was entered into:

"The undersigned BCI will accept (a) $1,675,000.00 cash and (b) the concurrent delivery of general releases from Henry and Carol Weiss, Bernard and Barbara Weiss, Sutton Place Development Co., a Florida corporation, Rolls Construction Company, an Illinois corporation, Rolls Construction Company of Florida, Inc., George David Perlman, individually and as trustee (the Releasing Parties) in favor of Bank of Commerce & Industry (BCI), Bern Grizzafi [sic], Harold Green, Coram, Ltd. and Don Houder (the Released Parties) and (c) the surrender of BCI Irrevocable Commercial Letter of Credit Number 81—0004 in the amount of $200,000 (the Letter of Credit) and (d) stipulations to dismiss all pending litigation signed by all of the Releasing Parties.

In consideration of said payment and delivery, the undersigned BCI and Harold J. Green shall concurrently assign, transfer and set over (and in the case of promissory notes, endorse) without recourse or representation or warranty of any kind whatsoever, but with the representation that BCI owns same and has full right to endorse and/or assign them, to Abacus Mortgage Investment Company (AMIC) or its designate, all notes, mortgages, guarantees, claims and lawsuits (in which BCI or Harold J. Green is the plaintiff or counter-defendant or those portions of lawsuits in which BCI or Harold J. Green is the plaintiff or counter-defendant) and all evidences of debt and collateral therefor from the Releasing Parties to BCI. The undersigned shall also concurrently deliver to AMIC general releases to the Releasing Parties and Stipulations signed by BCI and Harold J. Green, as applicable to dismiss all pending litigation between BCI or Harold J. Green as plaintiff or counter-defendant and the Releasing Parties.

In addition, BCI and Harold J. Green and AMIC shall execute and exchange mutual general releases and stipulations to dismiss any litigation in which they may be adversaries.

The sole two conditions of the foregoing agreements are the payment and delivery by AMIC as aforesaid on or before June 23, 1983 and the return or repayment to BCI of the $560,084.52 deposited by BCI with the Circuit Court of the 17th Judicial Circuit for Broward County, Florida in its tender of payment of the Florida National Properties/Perlman first

mortgage."

We note that Harold Green owned 99% of BCI's common stock and was representing BCI's interest.

Abacus contends the trial court erred in granting BCI specific performance because the contract it relied upon imposed no obligation upon Abacus to perform. This is so, it contends, because the agreement is an option contract where the option was never exercised. We agree.

■ An option is defined as a right acquired by contract to accept or reject a present offer within the time limited. In such contract, two elements exist: first, the unilateral offer to sell, which does not become a contract until accepted; second, a contract to leave the offer open for the specified time. (*Morris v. Goldthorp* (1945), 390 Ill. 186, 191, 60 N.E.2d 857, 859.) The option contract does not become a bilateral contract until the option is exercised. 390 Ill. 186, 191-92, 60 N.E.2d 857.

■ First, we note that the agreement is clear and unambiguous on its face. Whether an ambiguity exists is a question of law. (*W. H. Lyman Construction Co. v. Village of Gurnee* (1985), 131 Ill. App. 3d 87, 96, 475 N.E.2d 273, 283.) The intention of the parties to contract must be determined from the instrument itself and the construction to be placed on the instrument where no ambiguity exists is a question of law. *In re Marriage of Thaden* (1983), 119 Ill. App. 3d 538, 540-41, 456 N.E.2d 877, 879.

■ A review of the contract reveals that Abacus never exercised its option. Thus, no bilateral contract came into existence. The initial three paragraphs of the agreement imposed upon BCI the duties to accept certain monies, to assign certain notes and mortgages, and to execute certain leases. These paragraphs constitute an offer for a unilateral contract, which satisfied the first element of an option contract. The fourth paragraph defines how long the offer will be open, satisfying the second element of an option.

We need not discuss the conditions of the option contract, since the record indicates that Abacus never exercised the option. Since we conclude no bilateral contract ever came into existence, we find that no contract capable of specific performance ever came into existence. See *Rosin v. First Bank* (1984), 126 Ill. App. 3d 230, 466 N.E.2d 1245.

■ Next, we address Abacus' argument that the trial court erred in denying its cross-claim against BCI for its alleged failure to honor a timely sight draft on its $200,000 letter of credit. In its brief, Abacus did not cite to any authorities supporting its argument and, thus,

has waived its right to have this argument considered on appeal.

Supreme Court Rule 341(e)(7) provides that the appellant's brief and argument "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." (87 Ill. 2d R. 341(e)(7).) Without an appropriate citation to authority, this court can refuse to consider appellant's argument. (*Nicholl v. Scaletta* (1982), 104 Ill. App. 3d 642, 647, 432 N.E.2d 1267, 1272.) As the court said in *In re Estate of Kunz* (1972), 7 Ill. App. 3d 760, 763, 288 N.E.2d 520, 523:

> "Reviewing courts are entitled to have the issues clearly defined, to be cited pertinent authorities and are not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research as it were, upon the court."

Since Abacus has waived its right to have the court consider its cross-claim on appeal, the finding of the trial court is affirmed.

We need not address Abacus' remaining arguments, since we conclude that the trial court erred in granting BCI's request for specific performance.

For the foregoing reasons, the judgment of the circuit court is affirmed in part and reversed in part and the cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part and reversed in part and remanded.

McMORROW and JIGANTI, JJ., concur.