[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Facts
On August 26, 1996, the plaintiff, Security Insurance Company of Hartford[1] ("Security"), filed a two count complaint against the defendants, Lumbermens Mutual Casualty Company[2]
("Lumbermens") and ACMAT Corporation[3] ("ACMAT"). In this action, Security seeks a court determination regarding Lumbermens' and ACMAT's duty to defend in the pending lawsuit Inre Bridgeport Asbestos Litigation, Superior Court, judicial district of Fairfield at Bridgeport.[4] This pending lawsuit was commenced by 100 plaintiffs who allegedly suffered bodily injuries as a result of ACMAT's use of asbestos fire proofing spray.
On January 6, 1997, Lumbermens filed a motion for summary judgment with an accompanying memorandum of law and supporting documents. On February 14, 1997, Security filed an opposing memorandum of law and a motion for summary judgment on Acounts one and two of its complaint as to Acmat. ACMAT filed an opposing memorandum of law on May 9, 1997. Oral argument was heard and subsequently this court requested counsel to file supplemental briefs addressing the relevancy and ramifications of paragraph 6.1 of the July 1992 buy-back agreement and release of policies entered into by Lumbermens and ACMAT. Security and Lumbermens each filed a supplemental brief.[5]
 Standard
"Practice Book § 384 provides that rendition of a summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . A directed verdict may be rendered only where, on CT Page 6007 the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed. . . . The facts as well as the evidence must be viewed in the light most favorable to the nonmoving party. . . . The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." (Brackets omitted; citations omitted; emphasis in original; internal quotation marks omitted.) Millerv. United Technologies, Corp. , 233 Conn. 732, 751-52,660 A.2d 810 (1995).
Discussion
 A. Lumbermens' Motion for Summary Judgment as to Count One of the Complaint.
Lumbermens moves for summary judgment as to count one of the complaint on the ground that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Pursuant to a buy-back agreement and release of policies ("buy-back agreement") entered into in July of 1992, Lumbermens maintains that the insurance policies covering ACMAT for the period of January 1, 1979 through April 15, 1981 were abrogated and extinguished. Under this agreement, Lumbermens claims that it paid $300,000 to ACMAT and in return, ACMAT released Lumbermens from "any and all duties and obligations, of any kind or nature whatsoever, past, present, or future, that exist or might be deemed to exist under or in connection with the LMC policies," with respect to "any and all claims that have in the past been or may in the future be asserted against ACMAT." Buy-Back Agreement, Exhibit B, § 3.2(a) and (b). Accordingly, Lumbermens asserts that summary judgment should be entered in its favor because the buy-back agreement, by its terms, completely releases Lumbermens from any obligations under the Lumbermens' insurance policies. Accordingly, Lumbermens claims that it no longer has an obligation to defend ACMAT in the pending asbestos-litigation cases.
In opposition, Security argued that summary judgment should not be entered in Lumbermens favor at this time because ACMAT had not then responded to the plaintiff's motion for summary judgment. Security claims that discovery of ACMAT's position with respect to Lumbermens' duty to defend is necessary to determine the existence of factual issues. No affidavit under Conn. Practice Book § 17-47 was filed. Subsequently, ACMAT filed its opposition to the plaintiff's motion for summary judgment. CT Page 6008 ACMAT's response reveals that it does not dispute entering into the buy-back agreement.
In the present case, the buy-back agreement contained a choice of law provision stating: "This Agreement shall be construed under and in accordance with the laws of the State of Illinois." Buy-Back Agreement, Exhibit B, § 6.1. "[P]arties to a contract generally are allowed to select the law that will govern their contract, unless either: (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a material greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188 [of the Restatement (Second) of Conflict of Laws (1971)], would be the state of the applicable law in the absence of an effective choice of law by the parties." (Internal quotation marks omitted.) Elgarv. Elgar, 238 Conn. 839, 850, 679 A.2d 937 (1996). Since the parties have not contested the choice of law provision, the court will interpret the buy-back agreement according to Illinois law.[6]
In Illinois, contracts are construed in accordance with the parties intentions as stated in their agreement. See Sutton PlaceDevelopment v. Bank of Commerce, 501 N.E.2d 144, 145 (Ill.App. 1 Dist. 1986). Similar to Connecticut, policyholders and their insurers by mutual agreement may freely modify or alter their insurance policies. People v. Palmer, 2 N.E.2d 728, 733 (1936).
Accordingly, the buy-back agreement would be enforceable in Illinois. The question becomes whether, as a matter of law, the buy-back agreement released Lumbermens from any and all obligations under its insurance policies with ACMAT.
"A release is a contract whereby a party abandons a claim to the person against whom the claim exists . . . As a contract, the interpretation of a release is governed by contract law. . . . The rights of the parties are limited to the terms expressed in the agreement. . . . Where a release is clear and explicit, the court must enforce it as written. . . . The issue of whether a release is ambiguous is a matter of law." (Citations omitted.)International Ins. Co. v. Sargent Lundy, 609 N.E.2d 842, 848
(Ill.App. 1 Dist. 1993); see also Farm Credit Bank of St. Louisv. Whitlock, 581 N.E.2d 664, 667 (Ill. 1991). CT Page 6009
"A release cannot be construed to include claims which were not within the contemplation of the parties." International Ins.Co. v. Sargent Lundy, supra, 609 N.E.2d 849. "Where both parties were aware of an additional claim at the time of signing the release, court have given effect to the general release language of the agreement to release that claim as well." FarmCredit Bank of St. Louis v. Whitlock, supra, 581 N.E.2d 667. "[T]he fact that a release does not specifically mention a particular type of action or that a claim is not yet in existence when a release is executed does not necessarily mean that that type of action is not released. . . . In a broadly worded release, an attempt to list the specific types of actions covered would detract from the general scope of its release." (Citations omitted.) International Ins. Co. v. Sargent Lundy, supra, 609 N.E.2d 850.
In the present action, the release agreement is clear and explicit and accordingly must be enforced. Reading paragraphs 2.3[7], 2.4[8], and 3.2[9] of the buy-back agreement collectively, it is clear that Lumbermens and ACMAT contemplated and intended to abandon any and all claims, past, present or future that may arise under or in connection with Lumbermens insurance policies. Also pursuant to paragraph 2.3 of the buy-back agreement, the parties were aware of additional and potential claims at the time of the signing of the release and intended to release those claims as well. Accordingly, as a matter of law, under the terms of the buy-back agreement, Lumbermens is under no obligation to defend ACMAT in the pending asbestos-litigation cases.
The doctrine of subrogation "is a method whereby one who has involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the claim or debt so paid."Dix Mut. Ins. Co. v. LaFramboise, 597 N.E.2d 622, 624 (Ill. 1992). In Illinois, "[o]ne who asserts a right of subrogation must step into the shoes of, or be substituted for, the one who whose claim or debt he has paid and can only enforce those rights which the latter could enforce." Id. Connecticut law is the same.Connecticut Savings Bank v. First National Bank Trust Co.,138 Conn. 298, 305 (1951). In the present case, Security may assert a right of subrogation against Lumbermens only if ACMAT could maintain a cause of action against Lumbermens. Since Lumbermens owes ACMAT no duty to defend in the pending litigation, it likewise owes Security no such duty. CT Page 6010
Accordingly, Lumbermens' motion for summary judgment as to count one of the complaint is granted.
 B. Security's Motion for Summary Judgment as to Counts One and Two of the Complaint.
Security moves for summary judgment as to count one of the complaint on the grounds that Lumbermen's policy with Acmat covered some or all of the asbestos litigation claims and pursuant to the buy-back agreement, ACMAT is now legally obligated to step into the shoes of Lumbermens and defend in the pending asbestos litigation. Security moves for summary judgment as to count two of the complaint on the ground that ACMAT's insurance policies since April 1, 1985 specifically exclude coverage for some or all of the asbestos-related claims in question and thereby obligate ACMAT to assume a proportional share of the cost of defending the pending asbestos litigation.[10]
In opposition, ACMAT argues that Security's motion for summary judgment should be denied because Security has failed to establish that there are no material facts in dispute. ACMAT points out that Security has failed to provide the court with the documents needed for the court to make a proper determination on the summary judgment motion. Specifically, the following documents have not been provided: Lumbermens insurance policy, copies of ACMAT's insurance policies since 1985, and the underlying complaints in the Bridgeport litigation. ACMAT maintains correctly that Security, as the moving party, has not met its burden of establishing undisputed facts in support of its position, especially as to what duty was owed by Lumbermens as to the asbestos litigation claims and whether such claims fall within the exclusion clauses of Acmat's policies since April 1985.
The law in Connecticut is clear. The moving party has the burden of demonstrating the absence of any genuine issues of fact. Gupta v. New Britain General Hospital, 239 Conn. 574, 582,687 A.2d 111 (1996). "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. United Technologies, Corp. , supra, CT Page 6011233 Conn. 751-52.
In the present case, applying the strict and forceful standards of summary judgment, Security has not meet its burden of proof. Miller v. United Technologies, Corp. , supra,233 Conn. 751-52. Mere assertions of fact are not enough for this court to render summary judgment. See Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). Nor are the admitted allegations of the complaint sufficiently detailed to, in and of themselves, support Security's positions. Security has not provided the court with all of the documentation necessary to support its arguments. In the absence of, inter alia, the Lumbermens insurance policy, the insurance policies of Acmat since 1985, and at least a typical Bridgeport asbestos litigation complaint, the court is unable to reach the underlying legal issues at the heart of plaintiff's claims. Accordingly, the court denies Security's motion for summary judgment on counts one and two of the complaint without prejudice to an further such motion.
JAMES T. GRAHAM JUDGE, SUPERIOR COURT