# Illinois Official Reports

## Appellate Court

---

### *Badette v. Rodriguez*, 2014 IL App (1st) 133004

---

| | |
|---|---|
| Appellate Court Caption | GERSON BADETTE, Plaintiff-Appellant, v. ALBERTANO RODRIGUEZ, Individually, and as Agent of Quality Building Supply Company, and QUALITY BUILDING SUPPLY COMPANY, Individually, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-13-3004 |
| Filed | December 1, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a vehicular accident in which plaintiff's car was damaged when struck by a vehicle owned by defendant company and driven by one of defendant's employees, who was also named as a defendant, the release signed by plaintiff in an earlier action involving the same accident clearly released defendants from any claims based on the accident, including property damage claims, notwithstanding plaintiff's contentions that the parties did not intend to release plaintiff's property damage claims, plaintiff showed that both parties knew of plaintiff's claim for property damage to his vehicle prior to the time plaintiff executed the release, and the release contained several general releases; therefore, the trial court properly dismissed plaintiff's complaint for property damage pursuant to section 2-619(a)(6) of the Code of Civil Procedure. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2013-M1-12709; the Hon. Cynthia Cobbs, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Law Office of Daniel E. Goodman, of Rosemont (Scott L. Spiegel, of counsel), for appellant.

Law Office of David A. Izzo, of Chicago (Thomas C. Wolter, of counsel), for appellees.

Panel
JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Cunningham and Connors concurred in the judgment and opinion.

## OPINION

¶ 1   Plaintiff, Gerson Badette, filed a complaint sounding in negligence against defendants, Albertano Rodriguez and Quality Building Supply Company, seeking recovery for damages sustained to his car after an October 12, 2011, car accident.[1] The circuit court granted defendants' motion to dismiss pursuant to section 2-619(a)(6) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(6) (West 2012)) based on a release signed by plaintiff in connection with a 2012 suit plaintiff filed against defendants stemming from the same accident. At issue is whether the circuit court erred when it dismissed plaintiff's complaint pursuant to section 2-619(a)(6) of the Code (735 ILCS 5/2-619(a)(6) (West 2012)) based on the release signed by plaintiff. We hold the circuit court did not err when it dismissed plaintiff's complaint pursuant to section 2-619(a)(6) of the Code (735 ILCS 5/2-619(a)(6) (West 2012)) because the clear and unambiguous terms of the release bar the cause of action plaintiff raises in his complaint.

¶ 2                              JURISDICTION

¶ 3   On August 19, 2013, the circuit court dismissed plaintiff's complaint pursuant to section 2-619(a)(6) of the Code. 735 ILCS 5/2-619(a)(6) (West 2012). On September 13, 2013, plaintiff timely appealed. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 4                              BACKGROUND

¶ 5   On May 10, 2013, plaintiff filed a complaint sounding in negligence against defendants in regard to an October 12, 2011, car accident which resulted in damages to plaintiff's car. Plaintiff alleged defendant Albertano Rodriguez, an employee and agent of defendant Quality Building Supply Company, drove a company owned vehicle carelessly and negligently on Western Avenue in Chicago, Illinois. Near 18th Place, the Quality Building Supply Company vehicle driven by Rodriguez struck plaintiff's vehicle. Plaintiff alleged defendants had a duty

---

[1]Defendants at all relevant times have presented a unified defense and are represented by the same counsel. Plaintiff alleged Rodriguez, an employee of Quality Building Supply Company, drove a company owned vehicle that negligently struck his vehicle. For the most part, we will refer to defendants collectively to avoid confusion.

to exercise ordinary care and caution in operating the vehicle to avoid damages to other vehicles on the road. As a direct and proximate result of defendants' negligent and careless actions, defendants' vehicle struck plaintiff's vehicle. In the resulting collision, plaintiff's vehicle "was damaged beyond repair." Plaintiff asked for damages "in an amount less than *** $30,000."

¶ 6 On May 13, 2013, defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-619(a)(6) of the Code. 735 ILCS 5/2-619(a)(6) (West 2012). Defendants alleged that plaintiff had agreed to a release of the cause of action pursuant to a 2012 complaint plaintiff had filed against defendants under case number 12 L 731. Defendants argued the 2012 complaint stemmed from the same accident that occurred on Western Avenue on October 12, 2011. Defendants pointed out that plaintiff had been represented by counsel in the 2012 complaint and that the clear language of the release dismissed all of plaintiff's claims against defendants.

¶ 7 As an exhibit to their motion to dismiss, defendants attached a copy of the release. The release, which is titled "Release of All Claims" and references plaintiff as "I" and defendants as "You," contained the following clause:

> "In consideration for the payment referenced below, I release and give up any and all claims and rights which I may have against you. This releases all claims, including those of which I am not aware and those not mentioned in this Release. This Release applies to claims resulting from anything which has happened up to now. I specifically release the following claims:
>
> Any and all claims for monies for damages arising from personal injuries, medical and hospital expenses, lost income, and derivative claims, or any other rights I now have or may hereafter have by reason of or arising from an incident which occurred on or about 10/12/2011 and which incident was the subject of an action in the Circuit Court of Cook County, Illinois, bearing Docket Number 12 L 731, which action has been or will be dismissed with prejudice.
>
> It is expressly understood and agreed that the acceptance of the said amount is in full accord and satisfaction and in compromise of all disputed claims and that the payment thereof is not an admission of liability, but is made for the purpose of terminating all disputes and litigation between these parties."

In reference to payments plaintiff received, the release indicated that plaintiff had been paid $16,000 and that plaintiff agreed "not to seek anything further including any other payment." The release also stated plaintiff was "bound by this Release" and that plaintiff "understood and agree[d] to the terms of [the] Release." Plaintiff signed the release on September 26, 2012.

¶ 8 Plaintiff responded to defendants' motion to dismiss on July 22, 2013, arguing that the terms of the release he signed were ambiguous. Therefore, plaintiff argued that parol evidence, in addition to further discovery,[2] was needed to determine the parties' intent. As exhibits to its response, plaintiff attached the following documents that pertained to the release he signed in

---

[2]In addition to responding to defendants' motion to dismiss, plaintiff also attempted to conduct further discovery through a motion to strike the circuit court's briefing schedule and hearing date for the motion to dismiss. The circuit court denied plaintiff's motion, and plaintiff does not challenge that order before this court. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) ("Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

case number 2012 L 731: plaintiff's complaint and amended complaint; plaintiff's answers to defendants' interrogatories; the release; and the order dismissing the case with prejudice. Plaintiff also attached a copy of his current complaint, *i.e.*, case number 2013 M1 12709, and orders filed resolving plaintiff's attempts at conducting further discovery.

¶ 9 Relevant here, plaintiff's 2012 complaint alleged defendant Albertano Rodriguez drove a Quality Building Supply Company vehicle into plaintiff's lane and collided with plaintiff's vehicle. The resulting "collision *** caused Plaintiff['s] *** vehicle to be pushed off of the street and into a pole." Plaintiff's amended complaint contained similar allegations, including that defendants' vehicle struck plaintiff's vehicle. The interrogatories, dated July 13, 2012, included a question from defendants asking whether "any photographs [were] taken of the scene of the occurrence." Plaintiff responded that his "counsel is in possession of 11 photographs depicting the damage done to [his] vehicle as a result of the motor vehicle collision."

¶ 10 Plaintiff argued that his complaint and amended complaint in case number 2012 L 731 only referred to his physical injuries, not damages to his property. Plaintiff also pointed out that defendants' interrogatories did not seek any information as to any property damage plaintiff sustained in the incident or ask any questions regarding his vehicle. In addition to arguing that the terms of the release were ambiguous, plaintiff also argued that the release failed to make any reference to plaintiff's property damage. Accordingly, plaintiff argued that his intent in signing the release, and the intent of the parties, was to release defendants from his bodily injury claims only, not any claims for damages to his vehicle.

¶ 11 It appears from the record that defendants filed a reply to plaintiff's response to their motion to dismiss. The actual reply, however, is not part of the record.[3]

¶ 12 On August 19, 2013, the circuit court granted defendant's motion to dismiss plaintiff's complaint pursuant to section 2-619(a)(6) of the Code. 735 ILCS 5/2-619(a)(6) (West 2012). The circuit court reasoned that the language of the release "is clear and unambiguous and *** dispositive o[f] this issue." In its written order, the circuit court similarly stated that "[t]he dismissal is based on the unambiguous language of the release." On September 13, 2013, plaintiff filed his notice of appeal.

¶ 13                                                        ANALYSIS

¶ 14 Before this court, plaintiff argues that the terms of the release are ambiguous because the release speaks in general terms and then subsequently itemizes specific types of claims. Due to this alleged ambiguity, plaintiff contends that parol evidence is necessary to determine the parties' intent in agreeing to the release. Plaintiff argues that the parol evidence in this case shows that the parties intended the release to only apply to his bodily injuries, not to damage to his vehicle.

¶ 15 Defendants argue that the release must be enforced as written because its terms are clear, concise, and explicit. Defendants also point out that plaintiff was represented by counsel when he signed the release and that plaintiff's brief before this court does not contain any allegations that the release had been procured by fraud, duress, mistake, or illegality. Furthermore,

---

[3]Defendants' notice of filing of its reply is included in the record but the actual reply is not in the record. We remind plaintiff that "[a]ny doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

defendants argue that plaintiff's misunderstanding of the meaning of the release is a unilateral mistake that does not void the release.

¶ 16     A motion to dismiss pursuant to section 2-619 of the Code admits the legal sufficiency of a claim but asserts affirmative matter that defeats the claim. *Doe v. Diocese of Dallas*, 234 Ill. 2d 393, 396 (2009). Sections 2-619(a)(1) through (a)(9) provide a list of such affirmative matter. 735 ILCS 5/2-619(a)(1)-(9) (West 2012). Relevant here, section 2-619(a)(6) allows for the involuntary dismissal of a claim when "the claim set forth in the plaintiff's pleading has been released." 735 ILCS 5/2-619(a)(6) (West 2012). All facts in the pleadings, depositions, and affidavits found in the record may be considered upon review. *Doe*, 234 Ill. 2d at 396. Pleadings and supporting documents must be interpreted by the court in the light most favorable to the nonmoving party. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). If a defendant satisfies its initial burden of presenting affirmative matter defeating a plaintiff's complaint, the burden then shifts to the plaintiff to show that the asserted defense is unfounded or leaves unresolved issues of material fact as to an essential element. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993). We review a motion to dismiss brought pursuant to section 2-619 of the Code *de novo*. *Czarobski v. Lata*, 227 Ill. 2d 364, 369 (2008).

¶ 17     When reviewing a release, we apply contract law principles because a release is a contract. *Farm Credit Bank of St. Louis v. Whitlock*, 144 Ill. 2d 440, 447 (1991). Our primary objective, therefore, is to give effect to the parties' intent. *Gallagher v. Lenart*, 226 Ill. 2d 208, 232 (2007). "A court must initially look to the language of a contract alone, as the language, given its plain and ordinary meaning, is the best indication of the parties' intent." *Id.* at 233. We will construe the whole contract at issue, and we will not determine the intent of the parties from isolated provisions standing alone. *Id.* Clear and explicit written agreements that are unambiguous will be enforced as written without the assistance of extrinsic or parol evidence. *Rakowski v. Lucente*, 104 Ill. 2d 317, 323 (1984). We will only resort to extrinsic evidence to determine the parties' intent where a contract is susceptible to more than one meaning. *Gallagher*, 226 Ill. 2d at 233. A self-induced or unilateral mistake is not a valid reason to set aside an unambiguous release. *Rakowski*, 104 Ill. 2d at 324.

¶ 18     After reviewing the release, we hold its terms clearly release defendants of any claim arising from the October 12, 2011, car accident involving plaintiff and defendants. After listing personal injury, medical expenses, lost income, and derivative claims, the release explicitly states "I specifically release the following claim[]: *** any other rights I now have or may hereafter have by reason of or arising from an incident which occurred on or about [October 12,] 2011." We cannot say that the release can be interpreted to mean anything other than the release of all of plaintiff's claims against defendant arising from the October 12, 2011, car accident. An unambiguous release will be applied as written without the assistance of parol or extrinsic evidence. *Rakowski*, 104 Ill. 2d at 323 ("Where a written agreement is clear and explicit, a court must enforce the agreement as written."); *Gallagher*, 226 Ill. 2d at 233 ("If the language of the contract is susceptible to more than one meaning, it is ambiguous."). Accordingly, we hold the release plaintiff agreed to here is clear and explicit and unambiguously releases all claims he may have against defendants arising from the October 12, 2011, car accident. Therefore, we will enforce the terms of the release as written, without looking to any extrinsic evidence.

¶ 19       Applying the terms of the release to plaintiff's complaint in this case shows that the circuit court properly dismissed plaintiff's complaint pursuant to section 2-619(a)(6) of the Code. 735 ILCS 5/2-619(a)(6) (West 2012). Plaintiff's complaint sought damages from defendants because plaintiff's vehicle "was damaged beyond repair" in the collision that occurred with defendants' vehicle on October 12, 2011. Plaintiff alleged that the damages to his vehicle were proximately caused by defendants' alleged negligence. The clear terms of the release, however, release all of plaintiff's claims arising from the October 12, 2011, incident with defendants. Accordingly, we hold the circuit court did not err when it dismissed plaintiff's complaint pursuant to section 2-619(a)(6) of the Code (725 ILCS 5/2-619(a)(6) (West 2012)) based on the unambiguous language of the release.

¶ 20       Plaintiff argues before this court that the specific language of the release controls over the general provisions of the release. Even if we consider the release a general release, as plaintiff urges us to do, his argument fails because it is well established that a general release will be given effect where the parties knew of an additional claim at the time of the signing of the release. *Whitlock*, 144 Ill. 2d at 447. Our supreme court has explained:

> "Where the releasing party was unaware of other claims, Illinois case law has restricted general releases to the specific claims contained in the release agreement. [Citation.] However, where both parties were aware of an additional claim at the time of signing the release, courts have given effect to the general release language of the agreement to release that claim as well." *Id.*

Plaintiff showed, ultimately to his detriment, that both parties knew of an additional claim, *i.e.*, damage to his vehicle, when he presented his answers to defendants' interrogatories in response to defendants' motion to dismiss. In his answers to defendants' interrogatories, which predate the release he later signed, plaintiff admitted that his counsel possessed "11 photographs depicting the damage done to [his] vehicle as a result of the motor vehicle collision." Although plaintiff contends the parties did not intend the release to apply to his property damage claims, his pleadings in response to defendants' motion to dismiss show that the parties had knowledge that plaintiff's vehicle sustained damage. Therefore, a general release would apply to plaintiff's property damage claim because both parties knew of the damage to his vehicle. It is undisputed that the release contains several provisions that are general releases, including: "I release and give up any and all claims and rights which I may have against you"; "This releases all claims, including those of which I am not aware and those not mentioned in this Release"; and "This release applies to claims resulting from anything which has happened up to now." Accordingly, plaintiff's complaint also could be properly dismissed pursuant to section 2-619(a)(6) of the Code based on the various general provisions contained in the release due to the parties' knowledge of an additional claim, *i.e.*, the property damage to plaintiff's car, at the time of the signing of the release.

¶ 21                                    CONCLUSION
¶ 22       The judgment of the circuit court of Cook County is affirmed.

¶ 23       Affirmed.